IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG SCHULZ,

                Plaintiff,

v.

DARIN PAGEL, SHANE VANDERWAAL,
TOM HAYDEN, CITY OF MERRILL, WISCONSIN,
LINCOLN COUNTY, WISCONSIN,

                Defendants.

ORDER

16-cv-845-jdp

---

    Pro se plaintiff Craig Schulz has filed a complaint alleging that defendants wrongfully conspired to demolish his home. Schulz asserts state law claims for "Fraud / Intentional Misrepresentation," abuse of process, and civil conspiracy. Dkt. 1, at 7-10. Schulz does not identify any federal claim.

    Schulz's complaint does not properly allege federal jurisdiction. Instead of dismissing the action outright for lack of jurisdiction, I will give Schulz an opportunity to amend his complaint.

    Federal courts have limited jurisdiction, *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009), and a district court has "an independent obligation" to determine whether it has jurisdiction "even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Unless a complaint adequately alleges subject matter jurisdiction, the court must dismiss the case. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). The party invoking federal jurisdiction bears the burden of establishing subject matter jurisdiction. *Id.* at 802-03.

Generally, a plaintiff may establish that the court has federal jurisdiction in two ways. First, the plaintiff may invoke federal question jurisdiction by asserting claims that arise under federal law. 28 U.S.C. 1331. Second, the plaintiff may invoke diversity jurisdiction under 28 U.S.C. 1332, meaning that the case involves claims between the parties who are citizens of different states and that the amount in controversy exceeds $75,000.

Here, all of Schulz's claims arise under state law, Dkt. 1, at 7-10, so he can proceed in this court on state law claims on the basis of diversity jurisdiction, but he does not allege defendants' citizenship. It appears that he cannot establish complete diversity of citizenship: Schulz appears to be a Wisconsin citizen and defendants Pagen, Hayden, and VanderWaal all have Wisconsin addresses. Thus, the complaint neither asserts a federal claim nor invokes diversity jurisdiction.

Schulz cites a few federal statutes, namely 42 U.S.C. § 1983, 28. U.S.C. §§ 2201, 2202, 28 U.S.C. § 1343(a), and 28 U.S.C. § 1367(a), but citing these statutes does not establish federal question jurisdiction. Section 1983 is a remedial statute that provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). It "is not a jurisdictional statute." *Liberles v. Cook Cty.*, 709 F.2d 1122, 1126 (7th Cir. 1983); *accord Anderson v. Luther*, 521 F. Supp. 91, 96 (N.D. Ill. 1981). Likewise, sections 2201 and 2202 provide remedies, as they allow plaintiffs to seek declaratory judgments, but they confer no jurisdiction themselves. *See Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-72 (1950).

Section 1343 is a jurisdictional statute, but it does not apply unless the asserted claims concern "rights, privileges, or immunities" created by federal law. *Kamsler v. M. F. I. Corp.*, 359 F.2d 752, 754 (7th Cir. 1966). Section 1367 confers supplemental jurisdiction

over state law claims only when the court already has a separate, independent basis for federal jurisdiction, *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 752-53 (7th Cir. 2013), and even then, exercising supplemental jurisdiction over state law claims is discretionary, meaning the district court can choose not to entertain state law claims. *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 385-86 (7th Cir. 2016).

I must read Schulz's pro se complaint "with an understanding eye" and give him an "ample opportunity" to litigate on the merits. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Thus, although the legal theories identified by Schulz does not establish federal jurisdiction, I must assess whether he has a "colorable claim" and allow him to amend his complaint if he does. *Id.*

Schulz appears to have a colorable claim for violation of procedural due process. *See Leavell v. Illinois Dept. of Natural Res.*, 600 F.3d 798 (7th Cir. 2010). The Fourteenth Amendment to the Constitution prohibits deprivation of property "without due process of law." U.S. Const. amend. XIV. Courts assess procedural due process claims in two steps. The court must first determine whether the plaintiff had protected interest and then what process was due. *Leavell*, 600 F.3d at 804.

Here, Schulz's complaint concerns his home, so as alleged, he has protected property interest. And I take Schulz to mean that he tried to seek remedies in state court, but he was denied an "opportunity to save his home." Dkt. 1, at 6.

But it is difficult to tell from the complaint what happened. In particular, there appears to have been some litigation at a state court, but the case was eventually thrown out for an unidentified reason. *Id.* at 5-6. On the other hand, Schulz suggests that he was not allowed to participate in the state proceeding at all. *See Id.* at 4-5. In the amended complaint,

Schulz should clarify whether he was a party to any case in a state court. If not, he should say so. He also states that Wilmington Savings Trust Society filed a motion for a restraining order that concerns Schutz's property. *Id.* at 5. Schulz should include in his amended complaint a case number and the name of the state court where this motion was filed. And Schulz should also note that, if there is a state court proceeding currently pending, then this court lacks jurisdiction. *See Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 750 (7th Cir. 2006).

I have also considered whether Shultz might pursue the theory that his loss of home was an unconstitutional taking. *See Devines v. Maier*, 665 F.2d 138, 141 (7th Cir. 1981). He is free to pursue this theory, but he should note that his claim would likely fail if his home were a nuisance to the public. *See Hendrix v. Plambeck*, 420 F. App'x 589, 592 (7th Cir. 2011).

In sum, before dismissing the case for lack of jurisdiction, I will give Shultz an opportunity to cure the jurisdictional defect by amending his complaint. If Schulz fails to amend the complaint or properly allege the basis for the court's jurisdiction, I will dismiss the action.

ORDER

IT IS ORDERED that:

1. Plaintiff Craig Schulz may have until January 30, 2017 to file an amended complaint and allege the basis for the court's jurisdiction.

2. Failure to allege the basis for the court's jurisdiction will result in a dismissal.

Entered January 9, 2017.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge