IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG SCHULZ,

                    Plaintiff,

  v.

DARIN PAGEL, SHANE VANDERWAAL,
TOM HAYDEN, CITY OF MERRILL, WISCONSIN,
and LINCOLN COUNTY, WISCONSIN,

                    Defendants.

OPINION & ORDER

16-cv-845-jdp

---

Pro se plaintiff Craig Schulz filed a complaint alleging that defendants conspired to demolish his home, Dkt. 1, and paid his filing fee. But Schulz had asserted only state law claims against non-diverse defendants and had not properly pleaded the court's jurisdiction, so I required Schulz to amend his complaint. Dkt. 5. Schulz filed his amended complaint, Dkt. 6, and before I assessed whether the amended complaint properly pleads the court's jurisdiction, four of the five defendants appeared and filed their joint answer to the amended complaint. Dkt. 10.

I still have an obligation to assess whether the court has subject matter jurisdiction. Schulz asserts in his amended complaint a class-of-one equal protection claim under the Fourteenth Amendment, so his claim arises under federal law. Accordingly, the court has subject matter jurisdiction under 28 U.S.C. § 1331.

ALLEGATIONS OF FACT

I draw the following facts from Schulz's original complaint and the amended complaint. For the purposes of this order, I accept his allegations as true. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

This case is about the demolition of Schulz's home. Schulz has a hoarding disorder and 23 years of "long history of disputes" with defendant City of Merrill, involving "vehicles and miscellaneous items" in his home. Dkt. 1, at 3. At one point, a law enforcement officer told Schulz that "he was walking on thin ice with the City," before a raze order was issued on his home. Dkt. 1, at 3.[1] Schulz alleges that the raze order was part of a conspiracy to demolish his home carried out by the five named defendants. Defendants Darin Pagel and Tom Hayden are municipal employees. Defendant Shane VanderWaal is an attorney who represented the City of Merrill in court. The other two defendants are the City of Merrill, Wisconsin and Lincoln County, Wisconsin.

In September 2016, defendant Darin Pagel inspected the property with Schulz's permission. Just two days after the inspection, Pagel or the City issued a raze order to demolish Schulz's home under Wis. Stat. § 66.0413, and served the raze order on Schulz. According to Schulz, the stated reason for the raze order was that his home posed a danger to

---

[1] Schulz's legal status as to his home remains unclear. Schulz apparently had an outstanding balance on his mortgage, as Wilmington Savings Fund Society filed a foreclosure action against Schultz in Lincoln County in 2015. Schulz appeared in court and moved to dismiss the action, but the circuit court denied Schultz's motion. In April 2016, the court granted judgment of foreclosure. But even after obtaining the foreclosure judgment, Willington apparently allowed Schulz to reside on the property for months before a raze order was issued. Schulz also indicates that Wilmington was "not a party in the Razer order," Dkt. 9, at 5, presumably because the city officials thought Schulz was the one they needed to notify. Thus, although Schulz's legal status as to his home remains muddled, for the purposes of the order, I will refer to the home as his, because it was his residence and the raze order was directed at Schulz.

the public because of numerous items, such as the shingles, front porch, garage, and drywall. But Schulz maintains that his home did not pose a danger to the public, and he hired professional inspectors, who disagree with Pagel's conclusion. Schulz tried to learn why Pagel deemed his home dangerous, but Schulz states that the true reason for the raze order has been withheld from him. He also explains that he never had an opportunity to defend against the raze order or to make the necessary repairs to avoid the demolition of his home. In particular, he attempted to contact the City's building and zoning officials to obtain a list of the necessary repairs, but he did not receive a response. Dkt. 9, at 7. "[N]o other individual in Lincoln County" has been treated the same way, and Schulz alleges that the City and its employees singled him out for no "rational basis." *Id.* at 6.

He tried to enjoin and to challenge the raze order without a lawyer, but the circuit court in Lincoln County did not allow him to file any paper pro se. Running out of options, Schulz contacted Wilmington Savings Fund Society, the company that had claimed to have lien interest on Schulz's home. In October 2016, Wilmington sought to enjoin and to challenge the raze order in Lincoln County. In November 2016, the circuit court held a hearing and dismissed the action. Schulz states that, to date, defendants have not explained to Schulz how his home posed a danger. His complaints do not clearly state whether the City has actually razed his home yet.

## ANALYSIS

A district court has "an independent obligation" to determine whether it has subject matter jurisdiction over the case "even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Unless a complaint adequately pleads subject matter jurisdiction, the

court must dismiss the case. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). The party invoking federal jurisdiction bears the burden of establishing the basis for subject matter jurisdiction. *Id.* at 802-03. Schulz contends that the court has subject matter jurisdiction because his class-of-one equal protection claim arises under federal law.

A plaintiff can properly invoke federal question jurisdiction when "his own cause of action shows that it" arises under federal law. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). Although a district court may reject a federal claim that is "wholly insubstantial," the Seventh Circuit has explained that "the bar is low": a plaintiff fails to invoke federal jurisdiction "only if a suit is 'utterly frivolous' on the face of the pleadings." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 681 (7th Cir. 2014) (quoting *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 278 (7th Cir. 1988)).

A.  **Class-of-one equal protection claim**

Schulz properly invokes federal question jurisdiction because he asserts a colorable class-of-one equal protection claim, which arises under federal law. The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated people be treated alike. U.S. Const. amend. XIV; *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). It prohibits discrimination based on "immutable characteristics" such as race, but it also prohibits so-called "class-of-one discrimination in which a government arbitrarily and irrationally singles out one person for poor treatment." *Brunson v. Murray*, 843 F.3d 698, 705 (7th Cir. 2016) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012)). A paradigm of class-of-one cases is where a government official, "with no conceivable basis for his action other than spite or some other improper motive . . . comes down hard on a hapless

private citizen." *Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013) (quoting *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005) (alteration in original)).

The standard for prevailing on a class-of-one equal protection claim still remains "unsettled" in the Seventh Circuit, *Brunson v. Murray*, 843 F.3d 698, 706 (7th Cir. 2016), but in broad strokes, there are three elements: (1) plaintiff was "intentionally treated differently from others similarly situated"; (2) the difference in treatment had "no rational basis"; and (3) defendant acted with "ill-will," "illegitimate purpose," "animus," or "improper motive." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685-86 (7th Cir. 2013) (quoting *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601 (2008)). The first two requirements are uncontroversial, but as for the third requirement, the Seventh Circuit is split in three ways.[2] Courts have allowed plaintiffs to proceed beyond the pleading stage without satisfying the third requirement. *See, e.g.*, *Geinosky v. City of Chicago*, 675 F.3d 743, 748 (7th Cir. 2012).

Here, Schulz has alleged enough to invoke federal question jurisdiction, because his complaint suggests at least two colorable theories that could support a class-of-one equal protection claim. First, his residence was razed (or is about to be razed) for no reason, and this sort of harassment has happened to no one else. Second, he had no opportunity to make the necessary repairs to avoid the demolition of his home, when others similarly situated were given such an opportunity. These allegations do not appear to be utterly frivolous.

As for the issue whether defendants had a rational basis, it is difficult to tell from Schulz's complaint if defendants had one. Of course, Schulz could be leaving out important

---

[2] Some members of the Seventh Circuit maintain that a plaintiff must "plead and prove" that a defendant acted with "personal ill will or other illegitimate purpose." *D.B. ex rel. Kurtis B.*, 725 F.3d at 685. Others maintain that malice is just one way to prove the lack of rational basis. *Id.* The third view is that malice "has no role at all" for a class-of-one claim. *Id.*

5

details to avoid pleading himself out of court, and defendants will be free to argue that they had a rational basis. But for the purposes of invoking subject matter jurisdiction, Schulz has alleged enough. Thus, rather than speculating what the real reason behind the raze order might have been, I will allow Schulz to proceed. *See Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978) ("[A] court ought not dismiss an equal protection claim on the basis of reasons unrevealed to the court. . . . The state must come forward and identify the legitimate state interest being furthered.").

**B. Other claims**

Although the main purpose of this order is to assess whether the court has jurisdiction, I will note a few preliminary matters before allowing the parties to proceed. My last order explained that Schulz might have two colorable federal claims that could establish subject matter jurisdiction: (1) a procedural due process claim because he had suggested that he was deprived of the opportunity to defend against the raze order; and (2) unconstitutional takings claim. But in his amended complaint, Schulz's asserts neither of these claims, but instead asserts only a class-of-one equal protection claim. Dkt. 9, at 10. Generally, a district court can identify legal theories for a pro se litigant based on his complaint. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012). But this does not mean that I should force Schulz to pursue particular legal theories against his will. And Schulz's submissions indicate that he is sophisticated enough to conduct legal research. Thus, I presume that Schulz has assessed the viability of those claims and that he carefully decided not to pursue them. Accordingly, this case will proceed with the understanding that Schulz will pursue his class-of-one equal protection claim as his sole federal claim. He should amend his complaint if I am mistaken on his intention to pursue only his class-of-one equal protection claim.

6

I also note that Schulz has named Lincoln County as a defendant, but he has not served the process on the County and it has not appeared in this case. Schulz also does not offer any factual allegation concerning the County. Because Schulz has not explained how the County wronged him, I cannot identify legal theories or claims against the County. *See Austin v. Dane Cty. Mental Health*, No. 07-C-192-C, 2007 WL 5294083, at *1 (W.D. Wis. Apr. 12, 2007) ("[T]he court is not free to invent facts not plead[ed] by the litigant or imagine legal theories unsupported by the complaint."). Because there is no claim against it, I will dismiss Lincoln County from this case. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim."). Only four defendants—Darin Pagel, Shane VanderWaal, Tom Hayden, and City of Merrill—who have appeared through their counsel, remain.

That leaves Schulz's three state law claims: "Fraud/intentional misrepresentation," abuse of process, and civil conspiracy. Dkt. 9, at 8-9. Because four defendants have appeared and answered the amended complaint, I will not assess the merits of these state law claims until defendants raise their arguments opposing these claims. I will also determine whether the court should exercise supplemental jurisdiction over these claims if defendants actually challenge them.

ORDER

IT IS ORDERED that:

1. Plaintiff Craig Schulz may proceed against defendants Darin Pagel, Shane VanderWaal, Tom Hayden, and City of Merrill, Wisconsin with a class-of-one equal protection claim.

7

2. Defendant Lincoln County is DISMISSED from this case.

Entered February 28, 2017.

                                                      BY THE COURT:

                                                      /s/

                                                      _____
                                                      JAMES D. PETERSON
                                                      District Judge